BEFORE THE THIRD DIVISION, SEPTEMBER 17, 1958

No. 62340.—New England Coal & Wood Co. v. United States, protest 322625–K (Boston).

Opinion by JOHNSON, J. In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

BEFORE THE SECOND DIVISION, SEPTEMBER 18, 1958

No. 62341.—Inter-Maritime Forwarding Co., Inc. v. United States, protest 319085–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of electric pumps and metal parts, having an electrical element or device as an essential feature, which were withdrawn from warehouse after June 6, 1951, the effective date of T. D. 52739, the claim of the plaintiff was sustained.

No. 62342.—Plus Computing Machines, Inc. v. United States, protests 317595–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the items of merchandise marked "A" consist of key-driven calculating machines and parts thereof the same in all material respects as those the subject of *Plus Computing Machines, Inc.* v. *United States* (44 C. C. P. A. 160, C. A. D. 655), the claim at 12½ percent under the provision in paragraph 372, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52763), for calculating machines specially constructed for multiplying and dividing and parts thereof was sustained as to said items. The items marked "B," stipulated to be the same in all material respects as the merchandise the subject of C. A. D. 655, *supra*, except for having, in addition, an electric motor as an essential feature, were held dutiable at 12½ percent under the provision in paragraph 353, as modified, *supra*, for calculating machines specially constructed for multiplying and dividing, having an electric motor as an essential feature and parts thereof.